IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Bk. No. 10-12222-BLS |
| VALERIE BANKS COOPER, ) | Chapter 7 |
| ) | |
| Debtor. ) | |

| | |
|---|---|
| VALERIE BANKS COOPER, ) | |
| ) | |
| Appellant, ) | |
| ) | |
| v. ) | Civ. No. 11-791-SLR |
| ) | |
| GOLDMAN SACHS MORTGAGE ) | |
| COMPANY, ) | |
| ) | |
| Creditor/Appellee. ) | |

**MEMORANDUM ORDER**

At Wilmington this 18th day of June, 2012, having considered appellant's motion for appointment of counsel, appellee's motion to dismiss and the papers submitted in connection therewith;

IT IS ORDERED that:

1. Appellant's motion for appointment of counsel is denied without prejudice. (D.I. 8) Appellant avers that she needs counsel to effectively proceed and "because [her] former counsel was intimidated in his representation . . . in this matter." (D.I. 8) Appellant provides no further explanation of said intimidation or related problems.

2. A pro se litigant proceeding in forma pauperis has no constitutional or statutory right to representation by counsel. *See Ray v. Robinson*, 640 F.2d 474, 477 (3d Cir. 1981); *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997). It is within the court's discretion to seek representation by counsel for appellant, and this effort is

made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [appellant] resulting . . . from [appellant's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock,* 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace,* 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that an appellant's claim has arguable merit in fact and law).

3. The record reflects that appellant possesses the ability to coherently and adequately pursue her claims. It appears that, at least from the papers filed with the appeal, appellant proceeded without counsel in the underlying bankruptcy proceeding and, after an adverse ruling, elected to file the action at bar. There is no evidence that prejudice will result in the absence of counsel. Should the need for counsel arise later, however, the court can address the issue at that time.

IT IS FURTHER ORDERED that the time in which to respond to appellee's motion to dismiss (D.I. 4) is amended. Appellant shall file her opposition on or before **July 18, 2012.** Appellee's reply is due by **August 8, 2012.**

United States District Judge